Aron Steuer, J.
The motion is for summary judgment in an action for a declaratory judgment. It appears that Leon De Grarmo was injured in an accident while being driven in an automobile owned by Emergency Shelter, Inc., and operated by Melvin Shmonsky. De Grarmo started suit against these two. Plaintiff in this action had issued a policy of insurance on the automobile. The policy excluded employees of the Shelter while acting in the course of their employment. De Grarmo was an employee but whether he was so acting at the time is disputed. The object of this action is a declaration that because of the exclusion the policy does not cover the accident.
The question on this motion is whether or not the facts show that De Grarmo was at the time acting in the course of his employment so clearly that no issue remains. Bu't before that question can be reached, a preliminary question must be resolved. And in order to understand it further, facts must be set out.
The Emergency Shelter, Inc., is a charitable institution taking care of alcoholics and other derelict men. It has a home near Yorktown Heights and the inmates perform such duties there as are assigned to them. Shmonsky, the driver of the car, was one of these men. When De Garmo started his action, he named Shmonsky as a defendant. Whether he was actually served with process does not appear. When the Shelter sent the papers to the plaintiff, its insurer, the latter agreed to appear and defend pending a determination of its rights. Pursuant to that it directed its attorney to appear and put in an answer for both the Shelter and Shmonsky. When the insurer sought to start this action, Shmonsky had disappeared and could not be served. The preliminary question is whether he is a necessary party.
It is quite clear that if the accident comes within the provisions of the policy, Shmonsky would be an insured. As such, any determination of his rights could not be made without giving him a hearing. If, however, he is not a party to the underlying action, no obligation from him is involved and he has no rights to be protected. It is true that as far as the rights of De Garmo are concerned in his action, Shmonsky has appeared and to the extent that the policy goes a judgment would be valid against the insurer. But such an appearance would not bind Shmonsky personally for any excess. It would be quite different, as far as Shmonsky is personally concerned, if he were served. As this action i-s one to determine the liability of the insurer, if Shmonsky was not served, his *280 appearance in the manner described does not make him a necessary party.
The rule is that where a declaratory judgment would affect the rights of persons not parties to the action 1 ‘ A court may, and ordinarily must, refuse to render a declaratory judgment.” (Lehman, J., in Manhattan Stor. & Warehouse Co. v. Movers & Warehousemen's Assn., 289 N. Y. 82, 88.) A question might be raised whether this is not one of those extraordinary situations where the absence of the party affected does not require absolute refusal to entertain the action. Such exception would be predicated upon the unlikelihood that one of Shmonsky’s condition in life would ever be practically affected by a judgment against him. A pauper never needs indemnification. But while there may be every reason to believe that this man will never be affected, it would be far from the most unusual' experience if it should turn out that he did. It is believed that it is rather the situation where the rights of unknown or undetermined persons may be involved that the exception was provided for.
As the service or nonservice on Shmonsky is a fact unestablished on these papers, neither party can have relief on summary judgment. When and if that fact is determined as plaintiff contends, it may renew its application and get an adjudication on the principal question. Motion and cross motion denied.